COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Agee
Argued at Salem, Virginia


POWELL MOUNTAIN COAL COMPANY AND
 RELIANCE INSURANCE COMPANY
                                  MEMORANDUM OPINION[*] BY
v.    Record No. 1936-00-3          JUDGE G. STEVEN AGEE
                                        MARCH 27, 2001
GEORGE JEFFREY MOSKO


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Lisa Frisnia Clement (Michael F. Blair; J.
              Jasen Eige; Penn, Stuart & Eskridge, on
              brief), for appellants.

              Susan D. Oglebay for appellee.


     Powell Mountain Coal Company and its insurer, Reliance

Insurance Company (collectively "the employer"), appeal an order

of the Workers' Compensation Commission ("the commission")

awarding George Mosko ("the claimant") disability benefits.  The

employer asserts that the commission erred by (1) finding it had

jurisdiction to consider a claim arising in the Commonwealth of

Kentucky; and (2) holding that the claimant had not been

released to light duty work and thus had no duty to market his

residual capacity.  For the reasons set forth below, we affirm

the commission's decision.

_____

       * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.

BACKGROUND

The employer hired the claimant in Lee County, Virginia in October 1995.  No written contract of employment has ever existed between employer and claimant.  Between October 1995 and October 1998, the employer transferred the claimant back and forth between various mines in Virginia.  In the fall of 1998, the employer posted a job description announcing the hiring of new employees and the transferring of current employees to another mine.  All applications for the positions were received in Virginia where all the employment decisions associated with the positions were made.  The claimant requested consideration for a position and was subsequently transferred to the employer's Kentucky mine.

In the application process, the claimant, as a current employee, was not required to fill out a job application or sign an employment contract.  The claimant was required, however, to complete a mandatory training program at the Kentucky mine and sign a "certificate of training" form provided by the U.S. Department of Labor.  The form signed by the claimant was denominated "newly employed experienced miner."  The employer testified that this form is required by the federal government any time an individual begins working in a particular mine, and it would have been required even if the claimant was transferred to a mine in Virginia.

-

The new work location in Kentucky was about 17 miles from the claimant's Virginia home. The new position, described as a transfer, resulted in no change in pay or duties, just a change in location and the assigned shift. The transfer was not intended to be permanent, and the claimant could have been transferred to another mine or shift at any time. The employer's general superintendent described the claimant's employment status as "a Powell Mountain Coal Company employee" and "not exclusively employed in Kentucky."

After his training, the claimant began working at the Kentucky mine and suffered an injury on October 12, 1998, less than a week after he began at the new site. The claimant did not immediately file a Kentucky or Virginia workers' compensation claim, yet shortly after the accident he began receiving compensation checks. (The claimant, did, however, file a February 1999 claim in Virginia.) The claimant testified that he was not aware the checks he received were issued under Kentucky law until he received notice in the summer of 1999 that the benefits would be terminated.

After the accident on October 12, 1998, the claimant complained of pain in his back and right leg. He was examined for a low back strain at Lee County Community Hospital. On October 23, 1998, Dr. Paul C. Peterson began caring for the claimant resulting in a determination that surgery was required. After a December 14, 1998 surgery the claimant reported

improvement in his right leg pain, yet he continued to suffer back pain.

In the spring of 1999, the claimant was referred to additional physicians and healthcare providers who diagnosed and treated his back pain. In June 1999, the claimant underwent a Functional Capacities Evaluation. The report generated from the evaluation placed restrictions on sitting and standing, and limitations on repetitive bending, kneeling, squatting, standing and stair climbing. The evaluation further noted that the claimant was able to infrequently lift 20 pounds from floor to waist and 15 pounds frequently. The evaluation restricted the claimant to light sedentary employment.

In a report generated on June 30, 1999, Dr. Peterson concurred with the evaluations findings, and recommended the claimant continue with pain management. It was further recommended that the claimant undergo vocational rehabilitation. The doctor stated, "We will be happy to review any job description prior to releasing the patient to employment." As to work status, the doctor stated, "[a]s noted above, he is unable to return to the heavy demand of his previous employment. He is restricted to light sedentary employment, as outlined in the functional capacity evaluation. We will consider him to be MMI."

In August 1999, Dr. Robert P. Goodman examined the claimant at the employer's request. In his report, Dr. Goodman noted

-

similar lifting limitations and wrote "I think he is MMI."

(Emphasis added).

## II.

## JURISDICTION

Code § 65.2-508 provides that where an employee is injured while he is employed outside the Commonwealth, and such injury would entitle the employee to compensation had it occurred within the Commonwealth, the claimant shall be entitled to compensation if: (1) the contract of employment was made within the Commonwealth, and (2) the employer's place of business is in the Commonwealth, provided the contract of employment was not expressly for services exclusively outside the Commonwealth.

The evidence conclusively established that the contract for employment was made in the Commonwealth with an employer doing business here. The claimant testified he initially applied for and was interviewed for the transfer at his employer's place of business in Virginia. The employer testified that the claimant was hired in Virginia through its Virginia office, its place of business. The claimant is, therefore, entitled to benefits unless the contract was expressly for services outside of the Commonwealth.

We hold that the commission's finding that the employment contract was not expressly for services outside of Virginia is supported. The employer hired the claimant in Virginia approximately three years prior to his accident, and the

-

claimant worked in Virginia during that time for all but the week of his accident. The claimant testified that he was initially unaware that the position he was interested in was in Kentucky. The employer testified that the employee was not exclusively a Kentucky employee, and could be transferred between mines and shifts at any time, as had occurred in the past. In considering these facts, the commission could find the transfer to Kentucky did not constitute a new contract of employment and did not constitute an agreement by which the claimant would work exclusively in Kentucky.

As all three prongs of the test for jurisdiction are met, the commission did not err in finding it had jurisdiction to consider the claimant's claim for benefits.

### III.

### MEDICAL RELEASE TO WORK

On appeal, we review the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In this matter, the commission found that the claimant was not released to light duty work. The employer, however, argues the commission erred by not recognizing the claimant's release

-

as stated in a June 30, 1999 physician's report issued by the claimant's primary physician.  In its argument, the employer points to the physician's comments in the report providing "he is restricted to light sedentary employment as outlined in the functional capacity evaluation.  We will consider him to be at MMI [maximum medical improvement]."  It argues that the physician would not have provided restrictions for the claimant if he had not concluded the claimant was capable of returning to some form of work at that time.

Yet, in its argument, the employer fails to recognize that the doctor's report also requests the claimant be provided vocational rehabilitation.  The doctor further states, "We will be happy to review any job descriptions prior to releasing the claimant to employment."  (Emphasis added).  In view of these additional comments by the primary physician, we cannot find that the commission erred in finding that the claimant was not released to light duty work on June 30, 1999 and, therefore, had no obligation to market his residual capacity.

As we find no error by the commission, its decision awarding the claimant benefits is affirmed.

Affirmed.